## WOLDSON v. BAUMAN et al.

### No. 10128.

Circuit Court of Appeals, Ninth Circuit.

Dec. 31, 1942.

Ezra R. Whitla and E. T. Knudson, both of Coeur d'Alene, Idaho, for appellant.

O. C. Wilson, of Bonners Ferry, Idaho, and Everett E. Hunt, of Sandpoint, Idaho, for appellees.

Before GARRECHT, HANEY and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a citizen of Washington, sued in the court below for damages for alleged misfeasance in office of appellees Bauman and Copeland as commissioners of Drainage

District No. 1 of Boundary County, Idaho.[1] The appeal is from a judgment denying recovery.

The drainage district was organized in 1920. A contract was then let and construction work followed. In 1924 the state court in which the organization proceedings had been conducted made an order requiring the district board, within a reasonable time, to improve the drainage system so as effectively to drain certain lands in what is known as the Mirror Lake area, theretofore unreclaimed. There was a supplementary order of the same character made in 1925 requiring the cleaning of certain ditches and the construction of necessary laterals. It was claimed that the district did not comply with these orders; and in 1927 and 1928 there were further proceedings in the state court, as a result of which the court directed the cleaning and deepening of the ditches and the installation of a booster pump. Complainant in the present suit alleges that these orders have never been fully complied with and that a portion of the land in the Mirror Lake area, now belonging to him, was never effectively reclaimed, although he says reclamation was in part effected.

Neither of the appellees was a member of the district board at the time these orders were made and neither became such until many years later, Bauman first qualifying as commissioner on June 30, 1939, and Copeland on January 12, 1940. Appellant had acquired land in the Mirror Lake area in 1932. His complaint alleges that in 1939 and again in 1940 he requested the then district commissioners to comply with the provisions of these various court orders, but that they refused to do so. His theory is that the law imposes an absolute duty upon the commissioners to comply literally with the direction of the state court, which is said to be res judicata, and that they can not defend upon a claim that they exercised their honest judgment in carrying out their functions as commissioners. The theory advanced appears to embrace the proposition that since the state court directed the drainage of these lands, and since assessments were levied against them for this purpose, nothing short of the actual reclamation of the land will suffice to relieve successive commissioners of personal liability.

As we read the record it would appear that in the period following the court order of 1928 the district constructed the drainage ditches and made the improvements contemplated by that and prior orders, but in respect of the Mirror Lake area the work has not proved entirely effective. The elevation of these lands is such that the laterals leading from them do not readily drain into the main ditch. Seepage from the hillsides has been found troublesome, also, and springs arise in the land. Various measures have been resorted to through the years in an attempt to reclaim them, among these being the installation in the laterals of booster pumps. In reality, as we understand it, what appellant is complaining of is that his lands have not been effectively reclaimed, a condition which he attributes in part to the failure of the district properly to maintain the ditches by keeping them clean of recurring slides.

Appellant's grievances are cumulative as are also the damages he seeks. He points indiscriminately to the shortcomings of earlier drainage commissioners and to the alleged delinquencies of appellees, as though the latter were responsible in legal contemplation for the misfeasance of their predecessors. This, of course, is not true. Appellees are liable only for their own derelictions, if any. Moreover, they are not to be held individually as insurers of the effectiveness of the drainage system constructed long prior to their own incumbency in office. Appellant, however, is not without a remedy for existing defects. Section 41-2531, Idaho Code, 1932, provides that where the drainage work is found insufficient a new estimate of benefits may be made based on additional work to be undertaken, and additional assessments imposed, in proceedings in the state district court for the county in which the district is situated. Cf. McDonald v. Pritzl, 60 Idaho 354, 93 P.2d 11. We may observe in passing that Title 41, Chapter 25, of the state code, containing this provision, gives that court extensive supervisory powers over the organization and administration of the district. Appellant

[1] Appellant sought also recovery of a statutory penalty and the removal of Bauman and Copeland as commissioners. The National Surety Company was joined as a defendant as surety on the official bonds of the individual defendants.

has clearly not exhausted the administrative remedies afforded by this chapter.

In respect of the current maintenance of the system, it was shown that after appellees qualified as commissioners they made attempts, by cleaning out the laterals and otherwise, to improve the drainage of the area, and that they spent a substantial part of the district's revenues in so doing. In 1940 they installed new booster pumps of greater capacity and better design, and a system of pumping the year round was for the first time inaugurated. Appellant himself testified that in 1939 more was done by the district than had ever before been done in a single year.

█ The question whether appellees, within the limits of available revenues, took the reasonably necessary steps currently to maintain the system, is primarily a question of fact. The trial court was of opinion that appellees did take such steps. It found that they had not been guilty of malfeasance, misfeasance, or nonfeasance in their conduct as commissioners. Appellant contends that this is a mere conclusion of law, and he complains of the lack of specific findings. However, we believe it would accomplish no useful purpose to send the case back for more elaborate findings and that the finding made should be accepted as one of ultimate fact. As such it is supported by the record.

Affirmed.

HANEY, Circuit Judge.

I concur in the result for the following reasons: (1) Under the Idaho statutes and the orders of the state court, a duty was imposed upon the office of commissioners of the drainage district; (2) that duty exists regardless of who the commissioners may be; (3) for violation thereof, appellant has a remedy, whether the violation is wilful or not; (4) since the state court first took jurisdiction, and since the record discloses a continuous proceeding there, I believe the state court has ample power to enforce appellant's rights; and (5) this is especially true here because the only way appellees could extinguish the duty placed on them is by following the statutes and seeking modification of the drainage plan in the state court. Certainly, appellant who now has the benefit of the right created by the court orders should not be compelled to have the plan modified so as to dispose of that right.